UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CIVIL ACTION NO. 06-8-DLB

PAUL and MICHELLE RANEY,                                              PLAINTIFFS


VS.                              OPINION AND ORDER


FIRST NATIONAL BANK OF NEBRASKA, INC.
d/b/a FIRST NATIONAL BANK OF OMAHA                                    DEFENDANT

*** *** *** ***

I.  INTRODUCTION

In their complaint filed on January 12, 2006, Plaintiffs allege that Defendant violated provisions of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (TILA), and more specifically Part D of TILA, the Fair Credit Billing Act (FCBA) as codified in § 1666.

This matter is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss the Complaint. (Doc. # 3) Plaintiffs have filed their response in opposition to the motion (Doc. # 9) to which Defendant has filed its reply. (Doc. # 10). The motion is therefore ripe for the Court's review. For the reasons set forth below, Defendant's Motion to Dismiss is **denied**.

II.  BACKGROUND

Defendant is an issuer of credit cards to consumers. On or about May, 2003, Plaintiffs obtained a credit card with FNB Omaha. On or around January 13, 2005, Plaintiffs prepared a notice of billing error about the finance charge contained on their December 10, 2004 billing statement and sent it to Defendant via certified mail. Defendant received the notice of billing error on January 27, 2005. On or around February 14, 2005,

1

Plaintiffs sent a second notice of billing error which disputed the new finance charge contained on a subsequent billing statement dated January 11, 2005. Defendant received this second notice of billing error on March 7, 2005. Within both notices Plaintiffs claimed that Defendant had failed to provide them with all disclosures required by law prior to opening the account, and as a result, the finance charges on the billing statements were in error. Plaintiffs continued to receive billing statements from Defendant in February, March, April, May, and June, 2005. On each statement, Plaintiffs were assessed a late charge fee of $39.00 and an over limit fee of $35.00. In July, 2005, Plaintiffs' account was turned over to a collection agency.

According to the Complaint, some time after January 27, 2005, Defendant allegedly failed to comply with the Fair Credit Billing Act (FCBA) by failing to respond to Plaintiffs' notices of billing errors; and undertaking collection actions and reporting actions prohibited under the FCBA.

### III.   ARGUMENTS OF THE PARTIES

In its motion and reply, Defendant argues that Plaintiffs claims are barred by the applicable statute of limitations under either the FCBA's sixty day statute of limitations or the TILA's one year statute of limitations. More particularly, Defendant argues that Plaintiffs mischaracterize a finance charge as a "billing error" in hopes of pigeonholing their claim under the FCBA. Even if the claims are properly construed as "billing errors" under the FCBA, Defendant submits that Plaintiffs failed to adhere to the 60 day statute of limitations under the FCBA. In that regard, Defendant argues that Plaintiffs' claims for "billing errors" are in actuality claims for "failure to disclose" information regarding the appropriate finance charges to be applied to Plaintiffs' credit. According to Defendant,

because Plaintiff's claims should be characterized by the Court as "failures to disclose," and thus governed by TILA, Plaintiffs failed to bring this action within the one year of opening their credit account with Defendant as required by 15 U.S.C. §1640(e).

In response, Plaintiffs argue that although the "billing errors" resulted from the failure of FNB Omaha to disclose the pertinent finance charge information, such errors do fall under the provisions of the FCBA, specifically, 15 U.S.C. § 1666(b)(2). According to Plaintiffs, the finance charges constituted a billing error under § 1666(b)(2) because the statements being disputed contained "an extension of credit for which the obligor requests additional clarification including documentary evidence thereof." Plaintiffs also argue that the "billing errors" being disputed are not barred by the statute of limitations because the errors did occur within the past sixty days. More specifically, Plaintiffs submit that the claims of error refer only to the finance charges applied to the credit account during those months complained of in the Notices sent to Defendant. Plaintiffs submit that the Defendant was properly notified of both disputed "billing errors" within sixty days of receiving the statements containing the errors.

**IV.     ANALYSIS**

    **A.     Legal Standard**

When considering the propriety of a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiffs' favor. *See Jackson v. Richards Med. Co.,* 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Motions brought pursuant to Rule 12(b)(6) may be granted

where plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867 (1990).

### B. Applicable Federal Statutes

The Truth-in-Lending Act, 15 U.S.C. §§ 1631 *et seq.*, is remedial legislation intended to protect consumers, and courts have liberally construed its provisions in their favor. See *Jones v. TransOhio Savings Association*, 747 F.2d 1037, 1040 (6th Cir. 1984). The purpose of TILA is "to protect the consumer from divergent and at times fraudulent practices stemming from the uni[n]formed use of credit." *Id.* at 1040. The Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j, is enforced by the TILA and sets forth procedures through which a debtor and creditor may resolve disputes arising from alleged billing errors in statements of account.

Both TILA and FCBA are governed by the one year statute of limitations set forth in 15 U.S.C. § 1640(e). The Sixth Circuit has held the one-year clock for a TILA cause of action begins to run when a plaintiff "discover[ed] or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Jones, supra*, 747 F.2d at 1041.

The FCBA requires a debtor to provide written notice of a disputed billing within 60 days of receiving the challenged statement. See 15 U.S.C. § 1666(a) (describing deadlines, obligations, and proper contents of notice of billing error). Pursuant to § 1666(b), a "billing error" consists of any of the following: (1) A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement; (2) A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof; (3) A

4

reflection on a statement of goods or services not accepted by the obligor . . . or not delivered to the obligor . . . in accordance with the agreement made . . .; (4) The creditor's failure to reflect properly on a statement a payment made by the obligor . . . ; (5) A computation error or similar error of an accounting nature of the creditor on a statement; (6) Failure to transmit the statement required under § 1637(b) of this title to the last address of the obligor . . . ; (7) Any other error described in regulations of the Board.

If an adequate and timely notice of a billing error is made, the creditor must send a written acknowledgment that it has received the notice within 30 days of receipt. 15 U.S.C. § 1666(a)(A); *American Express Co. v. Koerner,* 452 U.S. 233, 235-37 (1981). In addition, the creditor must investigate the matter and either make timely corrections in the consumer's account or – before making any attempt to collect the disputed amount – send a timely written explanation of its belief that the original statement was correct. 15 U.S.C. § 1666(a)(B); *Koerner,* 452 U.S. at 235-37. In all cases, the creditor must rectify the consumer's account or explain its belief that the original statement was correct by the earlier of 90 days of receiving notice or two full billing cycles. 15 U.S.C. § 1666(a)(B); *Burnstein v. Saks Fifth Ave. & Co.,* 208 F.Supp.2d 765, 776 (E.D. Mich. 2002).

**C.   Discussion**

In reviewing the requirements of 15 U.S.C. §§ 1666(a) and (b) and Plaintiffs' complaint, the Court concludes that Plaintiffs have properly alleged a timely billing error for purposes of the FCBA and TILA. Section 1666(a)(2) requires the obligor to indicate his belief that the statement contains a billing error and the amount of such billing error. The January 13 and February 14, 2005 notices of billing error disputed the amounts of the finance charges. Notwithstanding the nature of the Plaintiffs' beliefs that a failure to

disclose was the reason for the billing error, Plaintiffs' beliefs as to why the billing error occurred is not dispositive to their FCBA claim.

The Court also rejects Defendant's argument that a finance charge is not a "billing error" as required by § 1666. Although the Sixth Circuit has not specifically been asked to address whether finance charges are "billing errors" for purposes of the FCBA, because the provisions of TILA are interpreted liberally, the Court concludes that allegedly improper finance charges may qualify as billing errors for purposes of § 1666(b). In reaching this result, nothing in § 1666(b) indicates that the scope of the provision was not meant to apply to finance charges. To the contrary, the language of the statute requires only that a claimant allege a dispute of a billing error in connection with "an extension of consumer credit." (i.e., a credit card) Furthermore, the statute requires only that the Plaintiff assert a billing error and ask for additional clarification about that error.

In this case, Plaintiffs clearly sent two written notices to the Defendant that there was a dispute of a billing error in connection with their FNB Omaha credit card and asked for further clarification of the error. Defendant received two separate notices and upon receipt of each notice allegedly failed to offer further clarification of the error as required by § 1666(a). These allegations are sufficient to survive Defendant's Rule 12(b)(6) motion to dismiss.

Defendant's statute of limitations argument is also without merit. It is undisputed that Plaintiffs did send written notice to Defendant within 60 days of the alleged billing error. Section 1666(a) requires inquiries of billing error to be sent only after 60 days from receiving a statement of credit containing the billing error, not the initial statement of credit. *See Burnstein, supra*, 208 F.Supp. at 776, n. 18 (the one year statute of limitations begins

to run when the creditor fails to comply with the statutory scheme for resolving billing disputes).

In support of their statute of limitations argument, Defendant relies exhaustively on the Sixth Circuit's decision in *Wachtel v. West,* 476 F.2d 1062, 1065-66 (6th Cir.), *cert. denied,* 414 U.S. 874 (1973). Calling *Wachtel* "the leading case interpreting TILA's one-year statute of limitations," Defendant argue that because Plaintiffs' complaint was filed more than one year after credit was extended, the complaint should be dismissed. According to Defendant, *Wachtel* stands for the proposition that any violation of TILA occurs at the latest when the credit is first extended. *Id.* at 1065-66. Defendant's reliance on *Wachtel* in this case is misplaced.

In *Wachtel*, the Sixth Circuit held that an action under 15 U.S.C. § 1640(e) for failure to make disclosures required by TILA must be brought within one year from the time when the lender and borrower originally contracted for the extension of credit, or at the latest, from when the parties performed their contract. *Id.* The facts of *Wachtel* are distinguishable from those herein. In that case, plaintiffs borrowed money from the defendants on October 28, 1970, giving a second mortgage on their residence as security. The complaint, which was filed on April 25, 1972, alleged that the defendants violated the disclosure requirements of 15 U.S.C. § 1631, and it sought damages under 15 U.S.C. § 1640 and other relief. The court declared that the narrow question presented on appeal was whether a violation of the duty to disclose information to a borrower occurs at the time when such disclosure is first required to be made, or whether it is a continuing violation until such time as the disclosure is actually made. The court concluded that a closed-end credit transaction which requires disclosures under the Act is completed when the lender and the

borrower contract for the extension of credit, and that the disclosures must be made sometime before this event occurs. If the disclosures are not made, the court continued, this violation of the Act occurs, at the latest, when the parties perform their contract. Because performance of the contract and violation of the disclosure requirement took place on October 28, 1970, the one year statute of limitations began to run on that date. Affirming a judgment for the defendant creditors, the court declared that the action was time barred.

In this case, Plaintiffs' had an open-ended credit arrangement with FNB Omaha, rather than the closed-end arrangement in *Wachtel*. This distinction is a significant one which dictates a different result than the one reached in *Wachtel*.[1] A survey of Sixth Circuit case law post-*Wachtel* reveals no cases TILA cases which involve open-ended credit arrangements like the one herein. However, the Seventh Circuit has expressed addressed this issue in *Goldman v First National Bank*, 532 F.2d 10 (7th Cir.), *cert. denied*, 429 U.S. 870 (1976).

In *Goldman*, plaintiff had applied for a credit card from the defendant but did not use the card until several months later. Since he always paid his bill in full, he was not assessed a finance charge until almost a year after he received his card when his monthly payment arrived late. At that point, he perceived a discrepancy between the way the finance charge was calculated and the way the disclosure statement said it would be calculated. Plaintiff sued, claiming a TILA violation. Defendant raised the statute of limitations as a bar and the district court agreed. The Seventh Circuit reversed, holding

---

[1] The distinction between open and close end credit arrangements was recognized by the Sixth Circuit in *Jones v. TransOhio Savings Association*, 747 F.2d 1037, 1042 (6th Cir. 1984).

that the statute did not run until the first finance charge was imposed. 532 F.2d at 21. The court's holding depended upon the unique and somewhat problematic nature of open-end credit arrangements where, unlike closed-end credit arrangements in which the finance charge may be determined from the time of the first payment, the determination of a TILA violation is only possible when the first finance charge appears, which may be many months after the customer receives and uses his credit card.

As was the case in *Goldman*, the instant case involves an open-end credit arrangement between Plaintiffs and FNB Omaha. Plaintiffs' credit card account was opened on or around May, 2003 and they did not prepare a notice of billing error regarding their credit card account until January, 2005. The notice involved a disputed finance charge from their December, 2004, billing statement of which they received notice in January, 2005. Under these facts, *Goldman* and its rationale apply. Pursuant to *Goldman*, the limitations period of 15 U.S.C. § 1640(e) is not measured from the date on which the disclosure was required by law to be made, but instead from the date on which a finance charge was first imposed, to wit, January 13, 2005. Because Plaintiffs' TILA and FCBA claims are not barred by the one year statute of limitations, Defendant's motion to dismiss on that basis is denied.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)   Defendant's Motion to Dismiss (Doc. # 3), be, and is hereby **DENIED**;

(2)   The parties shall, within **twenty (20) days** from the date of this Order, conduct their Rule 26 meeting if they have not already done so and **file their Report** of such planning meeting. (Counsel may use Form 35 of the

Appendix of Forms to the Federal Rules of Civil Procedure for guidance in preparing their Report)

This 8th day of September, 2006.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\Opinions\06-8-Order-MTD.wpd