**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO. 06-08-DLB**

**PAUL AND MICHELE RANEY,**                                                                **PLAINTIFFS**

**V.**

**FIRST NATIONAL OF NEBRASKA, INC.
d/b/a FIRST NATIONAL BANK OF OMAHA,**                                        **DEFENDANT**

**MEMORANDUM ORDER**

This litigation was initiated on January 12, 2006 by plaintiffs, but reflects what might charitably be termed a lackadaisical approach by plaintiffs to prosecuting their claims. Plaintiffs' counsel initially was suspended from practicing in this court due to his failure to comply with procedural electronic filing requirements, see DE #20, 21, 22, but was later reinstated once he belatedly complied with those requirements. Discovery was initially concluded on May 15, 2007 with plaintiffs taking no discovery whatsoever. Plaintiffs also repeatedly failed to communicate with defense counsel and failed to file a status report as directed by this court.

On May 21, 2007, the court issued a "show cause" order to plaintiffs, requiring them to demonstrate why this case should not be dismissed for failure to prosecute. In response to that "show cause" order, plaintiffs' counsel filed a "motion to file belated status report," in which he admitted that he had conducted no discovery, but further indicated that settlement negotiations had been initiated. The court found counsel's statements "sufficient to avoid dismissal at this time" and directed counsel to file additional joint or separate status reports.

A joint status report was filed on June 28 which represented that plaintiffs filed a petition

in bankruptcy in this district, under Chapter 13, on May 31, 2007. The report also stated that the parties are continuing "to explore a resolution of this case by settlement." The parties jointly requested additional time to discuss settlement, as well as a sixty-day extension of time for defendant to file its summary judgment motion.

On July 2, 2007 the court stayed this litigation pending the disposition of plaintiffs' bankruptcy petition, directing plaintiffs to file a supplemental status report by August 29, 2007 and every sixty (60) days thereafter..

On September 5, 2007, the plaintiffs belatedly complied with the July order by reporting that their case remained pending in bankruptcy but that they were continuing to seek settlement. According to plaintiffs, defense counsel was expected to forward a settlement proposal to plaintiffs' counsel soon after the filing of the status report.

On September 6, 2007, the court put on an additional order directing plaintiffs to file a supplemental status report on or before November 6, 2007 and every sixty (60) days thereafter until the stay is lifted or bankruptcy proceedings are concluded. Once again, plaintiffs have failed to comply with the court's order.[1]

In light of what appears to be a complete failure of plaintiffs to prosecute this action, as well as multiple failures to comply with routine orders of this court, plaintiffs will once again be directed to show cause why this action should not be dismissed. Counsel is forewarned that all information requested by this order must be provided within the time period directed by this court or this case will be dismissed. Accordingly, **IT IS ORDERED:**

---

[1] The secretary to the undersigned telephonically notified counsel of his overdue report on November 8, 2007, but still no report has been filed.

1. Plaintiffs shall **show cause not later than December 6, 2007** why this case should not be dismissed for lack of prosecution;

2. In addition to showing cause as directed in paragraph 1, plaintiffs shall report on:

   a. The case name and number of their bankruptcy proceeding;

   b. The status of that proceeding, including whether it has been concluded or is expected to conclude, and whether plaintiffs' claims in this litigation are listed and/or are to be prosecuted by the bankruptcy trustee;

   c. The status of any extrajudicial resolution of this dispute;

3. Plaintiffs' report(s) must reflect service of **plaintiffs' show cause response and status report** upon Stuart P. Brown as counsel for plaintiffs in bankruptcy;

4. A failure to timely comply with this order in any respect is likely to result in dismissal of plaintiffs' claims in this case;

5. The Clerk of this court shall serve a courtesy copy of this order on the bankruptcy attorney for plaintiffs: Stuart P. Brown, P.O. Box 17411, Crestview Hills, Kentucky 41017.

This the 21st day of November 2007.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge