**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO. 06-08-DLB**

**PAUL AND MICHELE RANEY,**                                                **PLAINTIFFS**

**V.**

**FIRST NATIONAL OF NEBRASKA, INC.
d/b/a FIRST NATIONAL BANK OF OMAHA,**                     **DEFENDANT**

**MEMORANDUM ORDER**

The court's last order of November 21, 2007 directed plaintiffs' counsel for the second time during the course of this litigation to show cause why this case should not be dismissed for failure to prosecute. The court's most recent order was filed only after the appearance of "a complete failure of plaintiffs to prosecute this action, as well as multiple failures to comply with routine orders of this court." DE #37 (Memorandum Order of 11/21/07).

The court's order expressly warned counsel that "all information requested by this order must be provided within the time period directed by this court or this case will be dismissed." The court directed plaintiff both to show cause why this case should not be dismissed for lack of prosecution, and to provide the following information specified in paragraph 2 of the order:

    a. The case name and number of their bankruptcy proceeding;

    b. The status of that proceeding, including whether it has been concluded or is expected to conclude, and whether plaintiffs' claims in this litigation are listed and/or are to be prosecuted by the bankruptcy trustee;

    c. The status of any extrajudicial resolution of this dispute.

*Id.* The court reiterated its admonition that "a failure to timely comply with this order *in any respect* is likely to result in dismissal of plaintiffs' claims in this case." (Emphasis added). *Id.*

On November 30, 2007, within the time limits prescribed by the court, plaintiffs filed a supplemental status report. Contrary to the court's order, the supplemental status report did not attempt to show cause for counsel's prior repeated failures to comply with the orders of this court, nor did it provide the information mandated by subparagraphs 2(a) and (b). On the other hand, the supplemental report does reflect counsel's continued efforts to reach an extrajudicial settlement of this litigation in compliance with subparagraph 2(c). Although the court would be within its discretion to dismiss this litigation based upon plaintiffs' counsel's failure to *fully* comply with the November 21, 2007 order, the court will permit the litigation to remain pending in light of counsel's representation that he has received a settlement proposal from defendant, to which plaintiffs intend to respond "before the end of the year."

Accordingly, **IT IS ORDDERED:**

1. Plaintiffs shall file another supplemental status report on or before **January 11, 2008**, which includes the information missing from the November 21, 2007 order;

2. In lieu of the status report required by this order, plaintiffs may file an Agreed Order of Dismissal;

3. In light of plaintiffs' counsel's numerous failures to comply with the orders of this court and the leniency demonstrated by the court to date, a failure to *timely* file the requisite status report, or a failure to set forth *all* the information required, is likely to result in dismissal of this litigation for failure to prosecute;

4. The Clerk of this court shall serve a courtesy copy of this order on the bankruptcy attorney for plaintiffs: Stuart P. Brown, P.O. Box 17411, Crestview Hills, KY 41017.

This the 7th day of December 2007.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge